**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

ERICA MOORE, et al.

      Plaintiffs,

v.                                Case No. 15-11252

OFFICER JOSEPH WEEKLY, et al.

      Defendants.

_____/

### ORDER DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY

On July 2, 2015, Defendants, the City of Detroit, the Detroit Police Department, Officer Joseph Weekly, and other unknown members of the Detroit Police Department Special Response Team, filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. # 19.)  Twenty-one days later, Plaintiffs Erica Moore and Dominika Stanley responded in opposition to the Motion, (Dkt. # 22), and two weeks after that, Defendants filed a timely Reply, (Dkt. # 25).  Now before the court is Plaintiffs' Motion to Strike Defendants' Reply, filed on October 14, 2015, in which they argue that Defendants' Reply is inappropriate "because it raises an argument not raised in the original Motion, namely qualified immunity." (Dkt. # 26, Pg. ID 436.)

The court is inclined to find that Plaintiff's Motion is untimely as it comes sixty-nine days after the Reply was filed.  Even considering the merits of the Motion, the court will decline to strike.  After all, the qualified immunity argument was *raised* in Defendants' original Motion for Summary Judgment, although it was not fully articulated or argued until the Reply.  Furthermore, it is important that qualified immunity arguments

are addressed "early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz,* 533 U.S. 194, 200 (2001) *overturned on other grounds Pearson v. Callahan,* 555 U.S. 223 (2009). Qualified immunity is "an immunity from suit rather than a mere defense to liability" — a privilege that is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

Nevertheless, because the argument was not clearly articulated in Defendants' original Motion for Summary Judgment, Plaintiffs have not had the opportunity to fully respond. Thus, in the interest of justice and pursuant to Rule 56(e)(1), the court will grant Plaintiffs "an opportunity to properly . . . address" the contention that the Defendant Police Officers are entitled to qualified immunity. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Strike Defendants' Reply (Dkt. # 26) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs may file a sur-reply addressing Defendants' qualified immunity argument no later than November 5, 2015. The sur-reply may not exceed ten pages.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 27, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2015, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522