UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA MOORE,

    Plaintiff,

v.                                        Case No. 15-11252

OFFICER JOSEPH WEEKLEY,

    Defendant.
                                          /

**ORDER STAYING CASE UNDER *COLORADO RIVER* ABSTENTION**

On June 2, 2016, Plaintiff filed a "Motion to Stay Pursuant to the *Colorado River* Abstention Doctrine or, in the Alternative, for Voluntary Dismissal Pursuant to Rule 41(a)(2)." (Dkt. # 51.)  The matter has been fully briefed and the court concludes that a hearing is not necessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons set forth below, the court will grant the motion.

**I.  BACKGROUND**

The tragic events giving rise to this litigation were fully detailed in the court's "Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment," (Dkt. # 36), familiarity with which is presumed. The court will only summarize in this opinion.

During a late night police raid to apprehend a murder suspect, Defendant Officer Joseph Weekley somehow discharged his firearm, fatally wounding seven-year-old Aiyana Jones.  (Dkt. # 22-13, Pg. ID 321.) Two days later, the decedent's father filed law suits in both the U.S. District Court for the Eastern District of Michigan and the Wayne County Circuit Court on behalf of his late daughter's estate.  *Jones v. Doe,* No.

10-11990 (E.D. Mich.); *Jones v. Weekley,* No. 10-005660-NO (Wayne Cnty. Cir. Ct.). That same day, he moved to voluntarily dismiss the federal action.

The state case languished for several years—in part because of the Detroit bankruptcy and in part because of Defendant's ongoing criminal trial—leading the estate to refile its federal suit on April 1, 2015, asserting various § 1983 claims against a number of defendant officers and the city of Detroit. (Dkt. # 1.) During the summary judgment phase, the court winnowed down the issues and set a trial date for August 15, 2016. (Dkt. # 36.) Meanwhile, the Wayne Circuit Court case was set for trial on September 14, 2016.

## II. DISCUSSION

In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine v. Compuserve Inc.*, 160 F.3d 337, 339 (6th Cir. 1998). "[D]espite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339.

The decision whether to decline jurisdiction under *Colorado River* rests on considerations of "wise judicial administration" and the general principle against duplicative litigation. *Colorado River*, 424 U.S. at 817. These considerations create a narrow exception where courts may decline jurisdiction in deference to parallel state court proceedings. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (holding that a decision to dismiss based on parallel state court action

rests "on careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercising jurisdiction"); *Great Earth Cos. Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002) ("A district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state court proceeding"); *American Disposal Servs. Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988).

The threshold question in *Colorado River* abstention is whether there exists a proceeding in state court parallel to the federal court proceeding. *Romine*, 160 F.3d at 339; *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). The state court proceedings need not be identical, but merely substantially similar. *Id.* at 340; *see also Bates v. Van Buren Twp.*, 122 F. App'x. 803, 806 (6th Cir. 2004). "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Bates*, 122 F. App'x at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

Once the threshold is satisfied, the court considers a number of factors to determine if abstention is appropriate, summarized by the Sixth Circuit as follows:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist. Rather, they require a "careful balancing of the important factors as they apply in a give[n] case" depending on the particular facts at hand.

*Romine,* 160 F.3d at 340-41 (citations omitted).

Here, Plaintiff argues that considerations of judicial economy and federal-state comity counsel in favor of abstention. The court agrees. The threshold requirement is

easily met. The two cases are substantially similar: both cases were filed by the same Estate against the same Defendant; both cases arose out of the same tragic nucleus of common events; both cases rely on the same evidence to support the same allegations, and ultimately hinge on the same question of fact—whether Defendant's discharge was intentional or not. The parallel nature of the proceedings is beyond dispute.

A careful balance of the various factors articulated by the Supreme Court and Sixth Circuit tilt the scales in favor of abstention. At least one factor clearly weighs against granting Plaintiff's Motion: this case has nothing to do with property. Though Plaintiff contends that the "Wayne County Circuit Court assumed jurisdiction over the res of this case," she has provided no evidence to support this assertion. (Dkt. # 51, Pg. ID 823.) Nor does the gravamen of the case revolve around a "thing"[1] or an item of property but rather around allegations of excessive force. The first factor does not contemplate disputes that only tangentially touch upon property or that arose from events that transpired in a house. The court rejects Plaintiff's broad reading of "res."

Other factors, such as the convenience to the parties and the relative progress of the state and federal cases, are neutral, providing only negligible weight to one side or the other. Plaintiff argues that "[a] trial in Port Huron poses an almost insurmountable hardship for Aiyana's family, the witnesses, and the jurors." (Dkt. # 51, Pg. ID 824.) The court is unpersuaded. While transportation to Port Huron (63.2 all-expressway miles) would impose some additional burden on interested parties, it does not resemble a state of "nearly insurmountable." The court would expect Plaintiff's Counsel to advance the

---

[1] Black's Law Dictionary (Sixth Ed. 1990), refers to "res" as "[t]hings" and lists the many divisions and classifications res has in law. *Id.* at 1304.

4

resources required to provide the travel and other needs of witnesses and family members. Furthermore, due to ongoing demolition in preparation for technology renovation of the Port Huron courtroom, it is not at all clear that an August trial would be held there. Likewise, both this case and the parallel state proceeding are set for trial, with the state tribunal set to commence less than a month after the August 15, 2016 start date in the instant action. The difference is negligible at best.

But the court finds the remaining factors highly persuasive. First, a failure to abstain in this case could result in piecemeal litigation. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine,* 160 F.3d at 341. Here, both the state and federal actions appear to revolve around whether the discharge of Defendant's firearm was negligent or intentional. Nevertheless, the burden of proof differs in the two jurisdictions. In order to prevail on the excessive force claim in federal court, Plaintiff must prove that Defendant fired his weapon intentionally. However, in state court, Plaintiff need only show proof of gross negligence. As a result, a resolution here would not preclude the state action from going forward, whereas Plaintiff concedes that the inverse would likely "render this case moot or otherwise obviate the need to litigate this case to its conclusion in federal court." (Dkt. # 51, Pg. ID 825 (quoting *Crown Enters., Inc. V. Lambert*, No. 06-13206, 2006 WL 2844445, at *3 (E.D. Mich. Sept. 29, 2006)).) As such, federal abstention could prevent the duplication of judicial effort.

Second, the state court obtained jurisdiction over the matter long before the federal court did. In *Romine*, the Sixth Circuit found that it was "not inconsequential that the state court obtained jurisdiction over [Plaintiffs'] state action one month and nine

months, respectively, before [Plaintiffs'] federal actions." *Romine,* 160 F.3d at 342. Here, nearly five years elapsed between the commencement of the state and federal court actions. In fact, the instant case was filed in federal court only after the parallel proceeding stalled due to the Detroit bankruptcy and Defendant's criminal trial.

Third, while this case involves issues of substantive federal law, those issues are in large part predicated upon issues of state law. As mentioned above, both the state and federal case turn on whether the discharge of Defendant's firearm was intentional or negligent. The determination of such intentionality is the bread and butter of state tort law, and the court is inclined to defer to the state court's expertise.

Finally, Defendant has provided no evidence to suggest that the state court would not adequately protect his federal rights. On the contrary, due to concurrent jurisdiction over such matters, state courts have a long history of deciding federal statutory claims under 42 U.S.C. § 1983.

For these reasons, the court will grant Plaintiff's Motion and stay the case.

The *Bates* court examined whether a court should dismiss or stay a case after finding that *Colorado River* abstention is appropriate. It found a stay to be the preferred course of action for lower courts, explaining:

> Although we have never explicitly prohibited district courts from dismissing cases when abstaining under *Colorado River,* issuing a stay of proceedings has been the general practice. *See Romine,* 160 F.3d at 338 (affirming a district court stay of a case on the basis of *Colorado River* abstention); *Holmes Financial Associates, Inc. v. Resolution Trust Corp.,* 33 F.3d 561, 562 (6th Cir. 1994) (same). In similar circumstances, other circuits have generally required district courts to issue a stay rather than dismiss without prejudice.
>
> Because *Colorado River* abstention is temporary, federal courts will often eventually hear a case they have abstained from deciding. *Colorado River* abstention is temporary because all the reasons for it dissipate once the

6

> state court proceedings have run their course. At that point, if any party still has a claim for which it is entitled to a federal forum, and it is not barred by *res judicata* or a similar doctrine, it may return to federal court. Because, under *Colorado River* abstention, the parties in the state and federal proceedings need not be identical, the federal suit will normally not be barred by *res judicata* and federal litigation may resume if the state courts do not moot the issue on state law grounds.
>
> We conclude that a stay is the best way to effectuate *Colorado River* abstention. Functionally, the difference between a stay and dismissal without prejudice is small, but staying the proceedings does offer a few advantages. Although not an issue in this case, it will prevent statute of limitations problems. Requiring refiling also imposes small, but non-zero, costs and delay upon the plaintiff. A stay of proceedings is also more efficient from the court's point of view, since the post-abstention case would stay with the original judge, who is familiar with the case, rather than be assigned a new judge. An indefinite stay of proceedings also imposes no additional burden to the court. We therefore join other circuits in requiring a stay of proceedings rather than a dismissal in *Colorado River* abstention cases.

*Bates v. Twp. of Van Buren,* 122 F. App'x 803, 808-809 (6th Cir. 2004) (citations and footnotes omitted). Accordingly, this stay is being entered under *Colorado River* abstention in deference to the parallel state court proceedings. Upon the conclusion of the proceedings in state court, the court will lift the stay and adjudicate any claims remaining that are not barred by *res judicata* or a similar doctrine. The objective circumstances of the later-filed federal action in this case and a balancing of the *Colorado River* factors strongly favor abstaining.

Having resolved the Motion under *Colorado River,* the court need not consider Plaintiff's alternative argument for voluntary dismissal.

### III. CONCLUSION

IT IS ORDERED that the above-captioned matter is STAYED pending resolution

of the parallel state court proceedings.  Upon the completion of the state court action, Plaintiff may move to lift the stay.

IT IS FURTHER ORDERED that for administrative statistical purposes this case is CLOSED.

                                     S/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2016, by electronic and/or ordinary mail.

                                     S/Lisa G. Teets
                                     Case Manager and Deputy Clerk
                                     (313) 234-5522